IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BOSTIC, ) | |
| No. M24560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01054-SMY |
| ) | |
| DR. VIPEN SHAH, ) | |
| CANTINA FOOD SERVICES, ) | |
| SUSAN BAILEY, and ) | |
| WEXFORD MEDICAL SOURCES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Bostic is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the type and dosage of insulin he has been given for his diabetes, and the soy-based diet at the prison.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, Defendants Dr. Vipen Shah and Wexford Medical Sources, along with Warden Lashbrook and Assistant Warden Spiller, acting in conspiracy, denied Plaintiff the proper form and dosage of insulin for his type II diabetes. Plaintiff was given insulin injections, rather than pills, causing his insulin levels to spike. As a result, Plaintiff's eyesight and organs were impacted. He spoke to Dr. Shah and wrote to Wexford, the prison's contracted healthcare provider, and Lashbrook and Spiller, but nothing was done.

It is also alleged that Defendants Dr. Shah, Food Service Administrator Susan Bailey and Cantina Food Services, along with Warden Lashbrook, Marcus Hardy and Gladys Wilson, conspired to feed Plaintiff a soy-based diet that is hazardous to his health. Plaintiff contends a diet based predominantly on soy has caused him to experience abdominal pain, excessive gas, severe constipation (involving anal tearing and blood), fatigue, pain, headaches, lethargy and other ill effects. Dr. Shah's solution was for Plaintiff to drink more water, and he has refused to order thyroid testing or a soy-free diet. Plaintiff further alleges that the defendants have similarly failed to respond to Plaintiff's grievances and written complaints. Plaintiff seeks compensatory and punitive damages.

Based on a liberal construction of the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will

use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants Dr. Vipen Shah and Wexford Medical Sources, individually or in conspiracy, were deliberately indifferent to Plaintiff's serious medical needs relative to his diabetes, in violation of the Eighth Amendment; and
>
> **Count 2:** Defendants Dr. Vipen Shah, Food Service Administrator Susan Bailey and Cantina Food Services, individually or in conspiracy, violated Plaintiff's Eighth Amendment rights by feeding him a soy-based diet and failing to give him a soy-free diet after he experienced ill health.

No claims have been recognized against Warden Lashbrook, Assistant Warden Spiller, Marcus Hardy and Gladys Wilson, as they are not named defendants (*see* Doc. 1, pp. 1-2). There is also a vague reference to being housed with three other men in a two-man cell, but no claim has been recognized. Any intended defendants and claims that have not been recognized should be considered dismissed without prejudice.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015). Here, the allegations regarding how Plaintiff's diabetes was treated and the provision of a soy-based diet fall within the ambit of the Eighth Amendment, but that does not end the analysis.

### *Corporate Defendants*

Dr. Shah and Food Service Administrator Bailey are persons subject to suit under 42 U.S.C. § 1983, and their alleged personal involvement in the events at issue is sufficient to pass preliminary review. However, a private corporation is not a "person" and cannot be held liable under Section 1983 unless there was an unconstitutional corporate policy of custom. *See Perez*, 792 F.3d at 780. With respect to Count 1 and Wexford Medical Sources' involvement in the treatment of Plaintiff's diabetes, there is no suggestion of a corporate policy or practice, so Wexford must be dismissed from Count 1.

With respect to Count 2, there is no suggestion of a corporate policy or practice relative to the soy diet or treatment for related medical issues, so Wexford must be dismissed. However, the Court cannot say the same about Cantina Food Services—at least not at this early juncture. It is reasonable to infer that the food service provider for the prison has a say in the dietary plan. Additionally, the Court surmises that Cantina acted by and through Marcus Hardy and Gladys Wilson. Consequently, Cantina Food Services shall remain as a defendant to Count 2.

*Conspiracy*

All conspiracy claims will also be dismissed. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

Plaintiff's complaint does not offer any suggestion of a "meeting of the minds" relative to Counts 1 and 2. The fact that there may have been joint action in that Plaintiff complained to various officials, alone, does not establish a conspiracy. Therefore, the conspiracy claims in Counts 1 and 2 will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **WEXFORD MEDICAL SOURCES** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all conspiracy claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against Defendant**s DR. VIPEN SHAH**; and **COUNT 2** shall **PROCEED** against Defendants **DR. VIPEN SHAH, SUSAN BAILEY and CANTINA FOOD SERVICES** shall otherwise **PROCEED**.

The Clerk of Court shall prepare for Defendants **DR. VIPEN SHAH, SUSAN BAILEY and CANTINA FOOD SERVICES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Plaintiff's motion for service of process at government expense (Doc. 4), therefore, is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 29, 2015**

s/ STACI M. YANDLE
**United States District Judge**
